## ROBBINS v. WARREN et al.

No. 13561—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 2, 1924.

**1. Equity — Jurisdiction — Protection of Rights.**

Equity will not permit a mere form to conceal the real position and substantial rights of parties. It always attempts to get at the substance of things, and to ascertain, uphold, and enforce rights and duties which spring from the real relations or parties.

**2. Reformation of Instruments — Deeds — Boundaries—Relief—Survey and Decree of Interests in Land.**

Where plaintiff brings action to have a deed reformed by changing the words "ninety-two rods" to read "one hundred and ninety-three rods" in a deed to lands, and the evidence at the trial discloses the fact that R. has intended to purchase the east half and T. intended to purchase the west half of a certain tract of land, the court sitting as a court of equity may cause a survey of the lands to be made, and decree R. to be the owner of the east half and T. the owner of the west half, describing the interests by metes and bounds. without specifically reforming the deed as prayed.

**3. Appeal and Error—Theory of Case Below—Adjustment of Land Boundaries.**

In an equity proceeding where the relief prayed is a reformation of a deed to real

property and the cause is tried upon the theory that it is an action to establish boundary lines to such land, and the cause is presented to this court and argued alone upon the theory presented to the trial court, the decree of the trial court, finding and fixing the boundaries of the land of the adverse claimants, will not be disturbed by this court, where the record discloses all rights have been protected and adjudicated, as equity does not regard form, but substance.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pottawatomie County; O. C. Smith, Assigned Judge.

Action by Jesse N. Robbins against E. E. Warren and others. Judgment for defendants, and plaintiff appeals. Affirmed.

A. M. Baldwin, for plaintiff in error.

Joe N. Adams and W. L. Chapman, for defendants in error.

Opinion by RUTH, C. This action was filed by the plaintiff in error against the defendants in error and the parties will be designated as they appeared in the court below.

It is unnecessary to cumber this opinion with a recital of all the allegations of the plaintiff's petition, it being sufficient to state plaintiff alleges he purchased certain lands in Pottawatomie county from E. E. Warren and Carrie W. Warren and there was a misdescription in the deed, the scrivener describing the land as follows:

"Beginning at the intersection of the North Canadian river and the east line of lot five, section 13, thence north to the north line of same section, thence west 92 rods. thence south to the North Canadian, thence in a southeastwardly direction, along the course of the river to the place of the beginning, all of lots one and five, section 13, and part of lot one, sec. 14, all in township ten, range four east, containing 75 acres more or less" —the alleged misdescription being the insertion of the words "92 rods" instead of 193 rods.

Plaintiff then alleges one B. Loyd Tucker purchased the balance of the quarter section from the defendants Warren, and the Tucker deed included the 101 rods. which should have been included in plaintiff's deed, and Tucker afterwards sold his portion of the land to the defendants Sellers, and the Sellers deed includes the 101 rods rightfully owned by the plaintiff, and he prays judgment that his deed be reformed by inserting "193 rods" instead of "92 rods."

The defendants Warren by answer admit the misdescription, allege they have a mortgage on plaintiff's land and the misdescription appears in their mortgage, and prays its reformation to include the 101 rods. which should have been conveyed to plaintiff, and prays foreclosure of the mortgage.

The defendants Sellers for answer deny generally, and for cross-petition allege they purchased certain lands from B. Loyd Tucker; that there was a misdescription of the land in their deed; and their deed recites that the tract contains "75 acres more or less." The cause was tried to the court and after hearing the evidence, and after a survey made by the county surveyor, apparently on a suggestion by the court, as no formal order is entered directing a survey, decreed the plaintiff to be the owners of certain lands described in the journal entry of judgment, consisting of 78.9 acres, and decreed the defendants Sellers to be the owners of certain lands described in the journal entry of judgment consisting of a like amount, to wit, 78.9 acres, and further decreed the costs should be equally divided between Robbins, plaintiff, and Sellers, defendant.

No judgment appears to have been rendered on the Warren's cross-petition for foreclosure, and from the judgment rendered the plaintiff Robbins, appealed.

Plaintiff has filed his brief and embodied therein a "statement of fact" and "argument and authorities," but fails to embody therein any "specification of error."

Rule 26 of the rules of this court provides:

"The brief shall contain specifications of error complained of separately set forth and numbered."

This the plaintiff has wholly failed to do, but proceeds with his "argument and authorities," in which he states:

"The plaintiff in error contends that the court below committed one fundamental error—decisive of the case—that when the purchasers Robbins and Tucker. prior to the purchase of the land from Warren, got upon the land, agree on a dividing line and set posts and build a fence thereupon, then adjust between them the value of each part, the one taking the east part at $3,750 and the other, 'Tucker', taking the west part at $4,250 the line thus agreed upon became the permanent boundary line and both parties and their successors are bound thereby * * * and the instruments subsequently executed to them containing the recitals 'Seventy-five acres more or less' did not change the boundary line thus established, and that in case of conflict the number of acres mentioned in the deed should give way to the line designated by fixed objects."

The alleged error argued was not an issue in this case. The action was brought to reform a deed by changing the words "92 rods" to read "193 rods," and was not an action to establish a boundary line, and so plaintiff presents the court with no assignment of error within the issues raised by the pleadings, but in the trial court the cause was tried upon the theory that it was a case wherein boundary lines of lands were sought to be established, and not for the reformation of a deed, and while there was a complete departure from the issues tendered by the pleadings both in the trial court and in this court, it is a well settled principle that equity once having attached will retain jurisdiction and adjudicate all questions whether legal or equitable, and determine all questions that could or should have been raised by the pleadings necessary to fix and determine the rights of the parties pertaining to the subject-matter of the action, as equity regards not the form but the substance.

It is apparent from the record and the admissions of all the parties, including the grantor, Warren, that it was the intention of Robbins to purchase the east one-half of the Warren land, containing 75 acres, more or less, and it was the intention of Tucker to purchase the west one-half of the Warren land, containing 75 acres, more or less.

The case was tried below upon questions not in issue, but the trial court apparently gathered from the evidence the original intention of the parties as to the purchase of the east and west half by Robbins and Tucker, respectively, and so caused a survey to be made by the county surveyor, and the journal entry of judgment discloses the court decreed the plaintiff to be the owner of the east half containing 78.9 acres, and decreed Tucker to be the owner of the west half containing 78.9 acres, and judgment of the court, under all the pleadings and evidence disclosed by the record, appears to be just and equitable, and should not be disturbed.

For the reasons herein set forth the judgment of the court below should be affirmed.

By the Court: It is so ordered.